UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HENRY DESMARAIS, *individually and on behalf of all other persons similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC.,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*      Civil Action No. 22-cv-11904-ADB |

**ORDER**

BURROUGHS, D.J.

Currently pending before the Court is Plaintiff Henry Desmarais ("Plaintiff"), individually and on behalf of all others similarly situated, and Defendant Ocean Spray Cranberries, Inc.'s ("Defendant") (collectively, the "Parties"), joint motion for clarification of the Court's August 18, 2023 order granting in part and denying in part Plaintiff's motion for conditional certification of a collective action and Court-authorized notice under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* [ECF No. 22]. The motion for clarification and resolution of disputed notice language is GRANTED.

**I.   SCOPE OF THE NOTICE**

The Parties seek clarification on the scope of the notice allowed in the Court's Order. [ECF No. 22 at 2–7]. Plaintiff's motion originally sought conditional certification of a collective comprised of "[a]ll current and former production employees who worked for Ocean Spray Cranberries, Inc. at any of its manufacturing facilities during the last three years," [ECF No. 15 at 1], related to Defendant's alleged (1) failure to compensate necessary pre-shift work, including

changing into personal protective equipment ("PPE") ("Donning-and-Doffing Claim"), and (2) failure to properly calculate regular rates of pay for overtime purposes ("Regular Rate Claim"), see [ECF No. 1].  Based on statements made in his Reply brief, the Court understood Plaintiff to have narrowed this original request, to seek conditional certification of a collective comprised only of employees from Defendant's four so-called "captive" facilities.  See, e.g., [ECF No. 20 at 3 ("[F]or the purposes of this Motion, at this time, Plaintiff will concede that conditional certification is not appropriate for Defendant's four non-captive plants[.]")].  The Court found (1) that there was insufficient evidence to justify conditional certification as to the Donning-and-Doffing Claim, even limited to the "captive" facilities and (2) allowed conditional certification of a collective as to the Regular Rate Claim where Defendant conceded that it maintains a uniform overtime compensation policy across all facilities.  [ECF No. 21 at 4–6].  Therefore, based on Plaintiff's seemingly narrowed request, the Court conditionally certified a collective comprised of employees from the "captive" facilities, as to Plaintiff's Regular Rate Claim.  [Id. at 5].

      The Court does not credit Plaintiff's statements to the effect that his narrowed request was mere "misstatement," [ECF No. 22 at 2], finding it more likely that the narrowing was part of a strategic decision to improve the chances of conditional certification as to his Donning-and-Doffing Claim.  Nevertheless, where Plaintiff now makes clear that he seeks conditional certification of a collective comprised of employees from all facilities, and given that the Court's logic for granting conditional certification applies equally to the "captive" and "non-captive" plants, the Court will grant this request.  [ECF No. 21 at 5; ECF No. 22 at 2–3].  The Court therefore conditionally certifies a collective action comprised of employees from all of Defendant's facilities as to the Regular Rate Claim.

## II.     NOTICE LANGUAGE

The Order also denied Plaintiff's motion for approval of notice procedures, to allow the Parties to meet and confer. [ECF No. 21 at 7]. The Parties indicate that they have now met and conferred, but nonetheless require the Court to resolve several issues. [ECF No. 22 at 1, 5–9]. In evaluating these issues, the Court is guided by the principles that notice should be "appropriately neutral," Davine v. Golub Corp., No. 14-cv-30136, 2015 WL 12966278, at *1 (D. Mass. June 11, 2015), while also providing potential collective members with an adequate understanding of the lawsuit and the implications for joining the lawsuit.

### A.     Consent Form

- Defendant's proposed edit and addition to the third paragraph of the "Description of the Lawsuit" section of the consent form, compare [ECF No. 22 at 5], with [id. at 7–8]; compare [ECF No. 22-1 at 3], with [ECF No. 22-3 at 3], is ALLOWED. The text shall read: "Defendant denies all of Plaintiff's allegations, including denying that overtime rates are improperly calculated and denying that its production employees are entitled to any relief or damages."

- Although neither party addresses them, there are several differences between the first paragraph of the "Description of the Lawsuit" section in Plaintiff's version of the consent form, and Defendant's. Compare [ECF No. 22-1 at 2], with [ECF No. 22-3 at 2]. Given that the additional language in Plaintiff's version relates to Donning and Doffing, that language shall be stricken. The paragraph shall read:

> Plaintiff Henry Desmarais ("Plaintiff") filed this action against Defendant Ocean Spray Cranberries, Inc. ("Defendant"), alleging that Defendant failed to pay its hourly production employees overtime wages for all work performed in excess of forty (40) hours per week. More specifically, Plaintiff alleges that Defendant failed to compensate production employees at the appropriate overtime rate using the FLSA's required "regular rate" calculation in connection with bonuses or premium pay.

### B.     Consent to Join Form

- Defendant's Proposed edits to Consent to Join form, first paragraph, [ECF No. 22 at 8]; compare [ECF No. 22-1 at 6], with [ECF No. 22-3 at 6], are ALLOWED in part and DENIED in part. These paragraphs shall read:

> I work or worked at times during the past three years at Ocean Spray

> Cranberries, Inc. ("Ocean Spray") as an hourly production employee and worked uncompensated overtime.
>
> I choose to participate in the above-captioned lawsuit to seek damages regarding the calculation of overtime rates under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and other relief under the law.

- Plaintiff's proposed deletion of the "off-the-clock" reference, Consent to Join form, second paragraph, [ECF No. 22 at 5, ECF No. 22-1 at 6]: The Court takes no position on this edit, based on the Defendant's representation that it agreed to this change during the meet-and-confer process. [ECF No. 22 at 8].

- "Additional Information" Bullets, Consent to Join Form: Defendant represents that Plaintiff agreed to the removal of the first bullet (see below), and Plaintiff does not take a position on its removal in the instant motion. [ECF No. 22 at 8]. Additionally, Defendant seeks to strike the second and fifth bullets (see below). [Id. at 8–9]. Plaintiff indicates only that it opposes Defendant's request to strike two bullets in this section, without indicating which specific bullets it is referring to. [Id. at 5–6].

    o First Bullet: Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), encourages employees to band together to enforce their rights to minimum wages and overtime pay.

    o Second Bullet: It is illegal for an employer to retaliate against an individual for exercising his or her rights (such as by participating in this lawsuit, or by submitting this document, or talking to attorneys about his or her rights to full compensation for work performed).

    o Fifth Bullet: Attorneys shall be entitled to no fee unless awarded/approved by the court. In addition, any costs advanced by class counsel may be deducted from any amount you receive on a pro rata basis with all other plaintiffs.

  Defendant's request to strike the First Bullet is ALLOWED; request to strike the Second Bullet is DENIED; and request to strike the Fifth Bullet is DENIED.

### C. Text Message Notice

- Defendant's edits to the text message notice, [ECF No. 22 at 9; ECF No. 22-4]: the Court takes no position on these edits as Plaintiff has indicated that he withdraws his objections. [ECF No. 22 at 6].

**SO ORDERED.**

January 31, 2024                                           /s/ Allison D. Burroughs
                                                           ALLISON D. BURROUGHS
                                                           U.S. DISTRICT JUDGE